IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE & JOINT SURGICAL INSTITUTE
OF MICHIGAN SOUTHFIELD LLC,

     Plaintiff,

v.

SURGICAL CENTER OF SOUTHFIELD,
LLC d/b/a FOUNTAIN VIEW SURGERY
CENTER; MEDICAL CONTINUUM
MANAGEMENT, LLC; ATLAS
ORTHOPEDICS, PLLC; MAKINO
INVESTMENTS, L.L.C.; ROBERT D.
SWIFT, D.O.; DAVID W. WILLIAMS;
JEFFREY J. CARROLL, D.O.; and MARK
L. GOLDBERGER, D.O.,

     Defendants.

_____/

Case No. 21-cv-11316-MFL-EAS

Hon. Matthew F. Leitman

Magistrate Judge Elizabeth A.
Stafford

## DEFENDANT MEDICAL CONTINUUM MANGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

     Defendant Medical Continuum Management, LLC ("MCM"), through its

undersigned counsel submits the following as its Answer and Affirmative Defenses

to Plaintiff's First Amended Complaint:

     1.     Paragraph 1 of Plaintiff's Amended Complaint is a narrative that does

not contain a simple, concise, and direct allegation to which a response is required

under Fed. R. Civ. P. 8(d)(1). If it is determined that an allegation is present in

paragraph 1, MCM denies such allegation.

1

2.      MCM lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 2.

3.      Paragraph 3 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 3, MCM denies such allegation.

4.      Admit that MCM owns an equity interest in Surgical Center of Southfield, LLC. MCM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

5.      Admit.

6.      Paragraph 6 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 6, MCM denies such allegation.

7.      Paragraph 7 is not an allegation made against MCM, therefore no response is required. In the event it is determined that an allegation against MCM is present in paragraph 7, MCM denies such allegation.

8.      Paragraph 8 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 8, MCM denies such allegation.

9.      MCM admits that Plaintiff has pleaded claims that would give this Court jurisdiction under 28 U.S.C § 1331. MCM denies Plaintiff's remaining

allegations in paragraph 9 relating to any allegations that Plaintiff has pleaded viable claims.

10.    Admit.

11.    Paragraph 11 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 11, MCM denies such allegation.

12.    Paragraph 12 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 12, MCM denies such allegation.

13.    Paragraph 13 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 13, MCM denies such allegation.

14.    Paragraph 14 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 14, MCM denies such allegation.

15.    Paragraph 15 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 15, MCM denies such allegation.

16.     Paragraph 16 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 16, MCM denies such allegation.

17.     Paragraph 17 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 17, MCM denies such allegation.

18.     Paragraph 18 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 18, MCM denies such allegation.

19.     Paragraph 19 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 19, MCM denies such allegation.

20.     Paragraph 20 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 20, MCM admits that it executed the Initial Agreement described in Plaintiff's Amended Complaint in its capacity as a "Seller Party" (as such term is defined in the Initial Agreement). As to all other allegations in Paragraph 20, MCM neither admits nor denies the allegations and states that the document speaks for itself.

21.     MCM admits that there was a written amendment to the Initial Agreement. As to all other allegations in Paragraph 21, MCM neither admits nor denies the allegations and states that the document speaks for itself.

22.     Paragraph 22 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. If it is determined that an allegation against MCM is present in paragraph 22, MCM admits that it executed the Agreement and denies any remaining allegations.

23.     Paragraph 23 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 23, MCM admits that it executed the Agreement and denies any remaining allegations.

24.     Paragraph 24 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is

determined that an allegation against MCM is present in paragraph 24, MCM admits that it executed the Agreement and denies any remaining allegations.

25.    Paragraph 25 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 25, MCM admits that it executed the Agreement and denies any remaining allegations.

26.    Paragraph 26 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 26, MCM admits that it executed the Agreement and denies any remaining allegations.

27.    In answer to Paragraph 27, MCM denies the allegations for the reason they are untrue.

28.    Paragraph 28 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is

determined that an allegation against MCM is present in paragraph 28, MCM admits that it executed the Agreement and denies any remaining allegations.

29.     Paragraph 29 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 29, MCM admits that it executed the Agreement and denies any remaining allegations.

30.     Paragraph 30 appears to recite terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 30, MCM admits that it executed the Agreement and denies any remaining allegations.

31.     Paragraph 31 including subparts a-c, appears to recite terms, but not quotes, of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is

present in paragraph 31, MCM admits that it executed the Agreement and denies any remaining allegations.

32.     Paragraph 32 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 32, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

33.     Paragraph 33 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 33, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

34.     Paragraph 34 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 34, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

35.     Paragraph 35 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 35, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

36.     Paragraph 36 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 36, MCM denies the allegations for the reason they are untrue.

37.     Paragraph 37 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 37, MCM denies the allegations for the reason they are untrue.

38.     Paragraph 38 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 38, MCM denies the allegations for the reason they are untrue.

39.     Paragraph 39 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 39, MCM denies the allegations for the reason they are untrue..

40.     Paragraph 40 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 40, MCM denies the allegations for the reason they are untrue.

41.     Paragraph 41 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 41, MCM denies the allegations for the reason they are untrue.

42.     Paragraph 42 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 42, MCM denies the allegations for the reason they are untrue.

43.     MCM states that the Agreement speaks for itself. As to all other allegations, MCM denies the allegations for the reason they are untrue.

44.     Paragraph 44 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 44, MCM denies the allegations for the reason they are untrue.

45.     Paragraph 45 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 45, MCM neither admits nor denies the allegations because it is without sufficient information or knowledge upon which to base a response. MCM specifically denies any allegations of wrongdoing against it for the reason they are untrue.

46.     Paragraph 46 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 46, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

47.     Paragraph 47 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present

in paragraph 47, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

48.     Paragraph 48 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 48, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegation.

49.     Paragraph 49 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 49, MCM denies the allegations for the reason they are untrue.

50.     Paragraph 50 including subparagraphs a-d, is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 50, MCM denies the allegations for the reason they are untrue.

51.     Paragraph 51 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 51, MCM denies the allegations for the reason they are untrue.

52.     Paragraph 52 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 52, MCM denies the allegations for the reason they are untrue.

53.     Paragraph 53 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 53, MCM denies the allegations for the reason they are untrue.

54.     Paragraph 54 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 54, MCM denies the allegations for the reason they are untrue.

55.     Paragraph 55 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 55, MCM denies the allegations for the reason they are untrue.

56.     In answer to Paragraph 56, MCM states that the law speaks for itself and therefore no response is required.

57.     Paragraph 57 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 57, MCM denies the allegations for the reason they are untrue.

58.     Paragraph 58 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 58, MCM denies the allegations for the reason they are untrue.

59.     Paragraph 59 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 59, MCM denies the allegations for the reason they are untrue.

60.     Paragraph 60 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 60, MCM denies the allegations for the reason they are untrue.

61.     Paragraph 61 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 61, MCM denies the allegations for the reason they are untrue.

62.     Paragraph 62 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 62, MCM denies the allegations for the reason they are untrue.

63.     Paragraph 63 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 63, MCM denies the allegations for the reason they are untrue.

64.     Paragraph 64 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 64, MCM denies the allegations for the reason they are untrue.

65.     Paragraph 65 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 65, MCM denies the allegations for the reason they are untrue.

66.     Paragraph 66 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 66, MCM denies the allegations for the reason they are untrue.

67.     Paragraph 67 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 67, MCM denies the allegations for the reason they are untrue.

68.     MCM states that Plaintiff's Amended Complaint does not contain a simple, concise, and direct allegation as to MCM as required under Fed. R. Civ. P. 8(d)(1) such that no answer is required. In further response, MCM denies the allegations against it for the reason they are untrue.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Paragraph 73, MCM admits that Williams filed a Letter of Intent with the State of Michigan which contemplated a sale of the ASC to UnaSource Surgery Center ("UnaSource"). MCM denies the remainder of this allegation.

## COUNT I – BREACH OF CONTRACT

74.     MCM incorporates its responses in paragraphs 1-73 by reference.

75.     In answer to Paragraph 75, MCM neither admits nor denies the allegations for the reason they are vague and overbroad and therefore it is without sufficient information or knowledge upon which to base a response.

76.     Denied.

77.     In answer to Paragraph 77, MCM states that the document speaks for itself such that no response is required. MCM further denies the allegations for the reason they are untrue.

78.     Denied.

79.     MCM denies the allegations for the reason they are untrue.

80.     Paragraph 80 appears to restate terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint and does not contain a simple, concise, and direct allegation to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 80, MCM admits that it executed the Agreement and denies any remaining allegations.

81.     Paragraph 81 does not contain a simple, concise, and direct allegation as to MCM as required under Fed. R. Civ. P. 8(d)(1). Therefore, no response is required. In the event it is determined that an allegation against defendant MCM is present in paragraph 81, MCM admits that it executed the Agreement and denies any remaining allegations.

82.   Paragraph 82 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 82, MCM denies the allegations for the reason they are untrue.

83.   Paragraph 83 appears to restate terms of the Agreement attached as Exhibit A to Plaintiff's Amended Complaint. Therefore, no response is required. Further, the document speaks for itself. If it is determined that an allegation against MCM is present in paragraph 83, MCM denies the allegations for the reason they are untrue.

84.   Paragraph 84 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 84, MCM denies the allegations for the reason they are untrue.

85.   MCM denies that it breached any part of the Agreement and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## COUNT II – Common Law Fraud (As to Williams)

86.   MCM incorporates its responses in paragraphs 1-85 by reference.

87.   Paragraph 87 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 87, MCM denies the allegations for the reason they are untrue.

88.    Paragraph 88 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 88, MCM denies the allegations for the reason they are untrue.

89.    Paragraph 89 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 89, MCM denies the allegations for the reason they are untrue.

90.    Paragraph 90 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 90, MCM denies the allegations for the reason they are untrue.

91.    Paragraph 91 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 91, MCM denies the allegations for the reason they are untrue.

92.    Paragraph 92 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 92, MCM denies the allegations for the reason they are untrue.

93.    Paragraph 93 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 87, MCM denies the allegations for the reason they are untrue.

94.    Paragraph 94 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present

in paragraph 94, MCM denies the allegations for the reason they are untrue except for the alleged statement made by Williams, which on information and belief, is accurate.

95.     Paragraph 95 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 95, MCM denies the allegations for the reason they are untrue.

96.     Paragraph 96 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 96, MCM denies the allegations for the reason they are untrue.

97.     Paragraph 97 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 97, MCM denies the allegations for the reason they are untrue.

98.     Paragraph 98 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 98, MCM denies the allegations for the reason they are untrue.

99.     Paragraph 99 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 99, MCM denies the allegations for the reason they are untrue.

100.   Paragraph 100 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 100, MCM denies the allegations for the reason they are untrue.

101.   Paragraph 101 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 101, MCM denies the allegations for the reason they are untrue.

**COUNT III – Common Law Fraud**

102.   MCM incorporates its responses in paragraphs 1-101 by reference.

103.   Paragraph 103 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 103, MCM denies the allegations for the reason they are untrue.

104.   Denied.

105.   Denied.

106.   Denied.

107.   MCM denies that it made any material misrepresentations and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

108.   MCM denies that it breached the Agreement and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## COUNT IV – Fraudulent Inducement
### (based on representations and warranties in the Agreement)

109.   MCM incorporates its responses in paragraphs 1-73 by reference.

110.   Admit.

111.   MCM neither admits nor denies the allegations because the allegations are vague and overbroad and further because the Agreement speaks for itself. Insofar as an answer is required, MCM denies the allegations for the reason they are untrue.

112.   Denied.

113.   MCM denies that it made any material misrepresentations and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

114.   MCM denies that it breached the Agreement and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## COUNT IV (sic) – Violation of 18 U.S.C. § 1962(c)

115.   MCM incorporates its responses in paragraphs 1-114 by reference.

116.   Paragraph 116 is not an allegation made against MCM, therefore no response is required.

117.   Paragraph 117 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 117, MCM denies the allegations for the reason they are untrue.

118.   Paragraph 118 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 118, MCM lacks denies the allegations for the reason they are untrue.

119.   Paragraph 119 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 119, MCM denies the allegations for the reason they are untrue.

120.   MCM denies involvement in any "RICO activities" and any allegation it was participating in any fraud. MCM denies the allegations for the reason they are untrue.

121.   Paragraph 121 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 121, MCM denies the allegations for the reason they are untrue.

122.   Paragraph 122 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 122, MCM denies the allegations for the reason they are untrue.

123.   Paragraph 123is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 123, MCM denies the allegations for the reason they are untrue.

124.   Paragraph 124 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 124, MCM denies the allegations for the reason they are untrue.

125.   Paragraph 125 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 125, MCM denies the allegations for the reason they are untrue.

126.   Paragraph 126 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 126, MCM denies the allegations for the reason they are untrue.

127.   MCM denies that it was involved in any "racketeering activities and violations of 18 U.S.C. § 1962(c) and denies the allegations for the reason they are untrue.

### COUNT V – Violation of 18 U.S.C. § 1962 (d)

128.   MCM incorporates its responses in paragraphs 1-127 by reference.

129.   Paragraph 129 is not an allegation made against MCM, therefore no response is required.

130.   Paragraph 130 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 130, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

131.   Paragraph 131 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 131, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

132.   Paragraph 132 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 132, MCM denies the allegations for the reason they are untrue.

133.   Paragraph 133 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 133, MCM denies involvement of any pattern of racketeering activity and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

134.   Paragraph 134 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 134, MCM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

135.   Paragraph 135 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 135, MCM denies the allegations for the reason they are untrue.

136.   Paragraph 136 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 136, MCM denies the allegations for the reason they are untrue.

137.   Paragraph 137 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 137, MCM denies the allegations for the reason they are untrue.

138.   Paragraph 138 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 138, MCM denies the allegations for the reason they are untrue.

139.   Paragraph 139 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 139, MCM denies the allegations for the reason they are untrue.

140.   Paragraph 140 is not an allegation made against MCM, therefore no response is required. If it is determined that an allegation against MCM is present in paragraph 140, MCM denies the allegations for the reason they are untrue.

## REQUEST FOR RELIEF

WHEREFORE, MCM requests that all claims against it be dismissed with prejudice and that judgment enter in its favor for costs, expert witness fees, attorneys' fees, and any other relief this Court deems appropriate.

Respectfully Submitted,

CND LAW GROUP PLLC

By:  /s/ George T. Blackmore
     George T. Blackmore (P76942)
     33762 Schoolcraft Road
     Livonia, MI 48150
     P: (734) 888-8399
     F: (734) 418-3686
     E: gblackmore@cnd-law.com
     *Counsel for Defendants*
     *Medical Continuum*
     *Management & David W.*
     *Williams*

Dated: February 1, 2023

## <u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Defendant Medical Continuum Management, LLC ("MCM"), through its undersigned counsel asserts the following affirmative defenses to Plaintiff's First Amended Complaint:

1.      Plaintiff's First Amended Complaint fails to state a claim against MCM upon which relief can be granted because Plaintiff has (a) failed to allege any wrongdoing specifically by MCM; (b) failed to plead any alleged fraud by MCM with the particularity required by Fed. R. Civ. P. 9(b); (c) not distinguished MCM from other Defendants; (d) failed to adequately allege that it suffered any ascertainable loss, or a causal connection between any such loss and MCM's alleged misconduct; (e) failed to plead key elements of a RICO claim; and (f) failed to plead any actionable misrepresentation or omission made by or attributable to MCM. Furthermore, any representations or statements alleged to have been made by MCM were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy, and with a reasonable belief that all of MCM's conduct was lawful.

2.      Plaintiff is barred from recovering, in whole or in part, by the doctrine of unclean hands. Should discovery show that Plaintiff and its agents acted inequitably or in bad faith, such conduct should be taken into account in assessing

Plaintiff's claims and whether, and to what extent, Plaintiff is entitled to relief in this action.

3.      Plaintiff has failed to join one or more necessary and indispensable parties, including without limitation ISpine, PLLC, Stefan Pribil, D.O., Wesley Barber, and Mohammad Jaura whom Plaintiff alleges engaged in the conduct that forms the basis of its claims. These third parties have a legal interest in the subject matter of the litigation to the extent they facilitated and/or participated in the scheme alleged in the First Amended Complaint. Plaintiff has failed to name any such third parties as defendants, however, nor has Plaintiff alleged how, if at all, it would be infeasible to join one or more indispensable but absent parties.

4.      Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation, if any, was caused in whole or in part by Plaintiff's ratification of MCM's allegedly deceptive or misleading conduct. Facts demonstrating such ratification include, but are not limited to, (a) Plaintiff's continued inquiry related to the Lawsuit which forms the basis of Plaintiff's First Amended Complaint; (b) the exclusion of any liability related to the Lawsuit being expressly provided for in the Agreement; and (c) Plaintiff's refusal to conduct any due diligence related to the Transaction.

5.      Any imposition of liability, damages, penalties, or other relief against MCM for the negligent, intentional, malicious, criminal, and/or other acts or

omissions of parties or third parties not subject to MCM's control or authority, including but not limited to health care providers, prescribers, patients, manufacturers, distributors, pharmacies, payors, government entities and other parties and third parties, would violate MCM's procedural and substantive due process rights.

6.     Plaintiff's claims against MCM are barred or limited by the economic loss doctrine. Plaintiff alleges purely economic losses in the form of a paid deposit and other costs. The economic loss rule bars any such recovery.

7.     Plaintiff's alleged damages are too speculative and remote to serve as a legal basis for any recovery.

8.     MCM incorporates by reference any defenses applicable to them that are asserted by any other Defendants in the above-captioned action as if fully set forth herein. MCM reserves the right to assert additional separate defenses as this action proceeds and in the event that discovery indicates that such defenses would be appropriate.

Respectfully Submitted,

CND LAW GROUP PLLC

By: /s/ George T. Blackmore
George T. Blackmore (P76942)
33762 Schoolcraft Road
Livonia, MI 48150
P: (734) 888-8399
F: (734) 418-3686
E: gblackmore@cnd-law.com
*Counsel for Defendants
Medical Continuum
Management & David W.
Williams*

Dated: February 1, 2023

## CERTIFICATE OF SERVICE

I certify that on February 1, 2023, I served the foregoing document on all parties of record by using the ECF system.

/s/ George T. Blackmore
George T. Blackmore